## MANN v. BISSENT et al.

1. The act of 29th May, 1830, confers certain rights of pre-emption, but by its third section, declares all assignments, &c. of the right to be void if made before the patent issues. The supplemental act of the 23d January, 1832, removes the restriction and permits the pre-emptor to assign and transfer his certificate of of purchase. The act of 19th January, 1834, revives the first act, and continues its provisions, for the benefit of those entitled to pre-emption, in force for two years, but is silent with respect to the revival of the supplemental act. *Held*, that a pre-emptor under the act of the 19th January, 1834, was authorized to transfer his certificate of purchase, and may be compelled to transfer the legal title vested in him by the patent, to a purchaser to whom he had assigned the certificate immediately after the entry. And that a purchaser from the pre-emptor, with notice of the assignment, will be compelled to convey the legal title vested in him by conveyance from the pre-emptor, to him who has the equitable right under the assignment of the certificate.

WRIT of Error from the Court of Chancery for the Second District of the Southern Division.

The case made by the bill is as follows: On the 3d September, 1834, Bissent, the defendant, entered at the Land Office at Montgomery, the west half of the north-east quarter of section nineteen, township ten, range twenty-eight. Mann, the complainant, purchased the land from Bissent, for two hundred dollars, which was then paid, and the certificate of pur-

chase was transferred by Bissent to Mann, by an indorsement in these words: For value received I hereby transfer all my right title and interest to the land within described, to William B. Mann, his heirs and assigns, for value received. September 3d, 183 [.

This was signed by Bissent and witnessed by W. Deshazo.

After the patent had issued in the name of Bissent, he refused to convey.

The bill prays that Bissent may be decreed to convey title, &c.

Afterwards a supplemental bill was filed, which recites the principal matters of the original bill, and alledges that since its exhibition Wilson Deshazo, claiming to be the agent of Robert Deshazo, had purcl ased, or pretended to purchase, the said land from Bissent, and taken a conveyance from him to Robert Deshazo. who afterwards instituted suit against a tenant of the complainant to recover the land. It also alledges that Wilson Deshazo, the agent making this purchase, is the witness to the transfer, and that both had full knowledge of the transfer. This bill has the additional prayer, that Deshazo may be enjoined from prosecuting his suit against the tenant of Mann, then in possession, &c. and that the deed from Bissent to Robert Deshazo may be set aside.

The answer of the defendants admits the principal facts stated in the bill, but assert the consideration of the transfer of the certificate to have been, one hundred dollars paid at the time of entry, and one hundred dollars agreed to be paid by Mann the Christmas afterwards; that it was also agreed that Mann should permit Bissent to occupy and cultivate a field of ten acres of the land, for the year 1835, and afterwards should permit one Blades to cultivate the same field for the years 1836, '37 and '38. That Mann has not permitted Bissent or Blades to retain possession of this field, and for this reason the former refused to convey the land to Mann, and afterwards sold it to Wilson Deshazo, as the agent of Robert Deshazo, for three hundred dollars, which has been all paid except ten dollars. Notice is admitted by Wilson Deshazo, but denied by Robert.

The defendants afterwards filed a supplemental answer, in which they set up, that the transfer by Bissent of the certificate of purchase was void, inasmuch as the land entered under the

pre-emption act of 1834, which revives the act of 1830, by which all transfers are prohibited and made void if made previous to the issuance of the patent.

The evidence taken in the case establishes the contract as asserted in the answer, but shows a relinquishment by Bissent of his right to remain on the land. The payment of the consideration is fully proved.

The Chancellor considered the contract as invalidated by the provisions of the act of Congress of 29th May, 1830, and accordingly dismissed the bill.

LEWIS, for the complainant and BUFORD, for the defendants, submitted the case, both conceding that the only question in it was, the construction to be given to the act of 19th January, 1834, as reviving the previous act of 29th May, 1830, with or without the supplemental act of the 23d January, 1834.

GOLDTHWAITE, J.—The act of Congress of the 29th of May, 1830, confers certain rights of pre-emption on the settlers upon the public lands, but declares all assignments and transfers of the right to be void, if made prior to the issuing of the patent. This act was to remain in force only one year from its passage. [Land Laws, vol. 1, 474.] On the 23d January, 1832, another act was passed, entitled "an act supplementary" to the one before mentioned ; and this provides that from and after its passage, all persons who have purchased under the former act, may assign and transfer their certificates of purchase, or final receipts, and patents may issue in the name of such assignee, any thing in the former act to the contrary notwithstanding. [1 Land L. 492.] The act of Congress of the 19th January, 1834, revives the act of 1830, and continues it in force for two years, but is entirely silent with respect to the supplementary act before recited. The only question in this case is, whether a pre-emption purchaser, under the last act is prohibited from assigning his certificate before he has obtained the patent.

The supplemental act, in our opinion, must be construed as conferring a distinct and independent right on the pre-emptor. By the act of 1830, he is entitled to purchase the land, and by

the supplemental act he is authorized not only to sell it, but so to transfer it that the patent shall issue to his vendee. When, therefore, the act of 1830 was revived, by the subsequent act of 1834, the rights of the pre-emptors under the latter act, were at once governed by the supplemental act. Without doing violence to any rule of construction, the supplemental act may be considered as a legislative exposition, or enlargement of the original act, and when that was revived, all the consequences growing out of the exposition, or enlargement, immediately attached.

As this is the only question in the case, and as the decree is not in conformity with the opinion now expressed, it must be reversed, and here rendered, that Robert Deshazo be perpetually enjoined from prosecuting his action against Duncan Fulton, the complainant's tenant, for the recovery of the land named in the pleadings; that his title to the same, derived from the defendant, Bissent, be set aside and declared null and void; and that all the title of the said defendant, Bissent, be declared vested in the complainant. As the defendants Deshazo are chargeable with notice, and the proofs show a clear case of confederacy, the costs of both Courts are decreed against the defendants jointly.